**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CARA S. BARNES, f/k/a CARA S. SMITH, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-06-558-M |
| FIRST FRANKLIN FINANCIAL CORP.; COUNTRYWIDE HOME LOANS, INC.; and JOHN DOE CORPORATIONS 1-15, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is plaintiff Cara S. Barnes' ("Plaintiff") Motion to Remand, filed November 13, 2006. On December 1, 2006, defendant Countrywide Home Loans, Inc. ("Countrywide") filed its opposition to the motion to remand. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

On April 13, 2006, Plaintiff filed the instant putative class action in the District Court of Canadian County, State of Oklahoma. In the Class Action Petition, Plaintiff states that the class "is comprised of all persons who, within five years prior to the filing of the initial complaint, entered into a home mortgage loan with the Defendants that included a prepayment penalty addendum in the form attached as Exhibit 1." Class Action Petition at ¶ 17. Plaintiff seeks a declaration of her rights and the class members' rights under the provisions of the promissory notes and seeks an injunction enjoining defendants from claiming prepayment penalties and/or recasting fees from Plaintiff and/or the class members on partial prepayments. Class Action Petition at ¶¶ 33, 36.

On May 19, 2006, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Countrywide removed the case at bar to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a) and (d). Plaintiff has since filed a motion to remand, asserting that this Court does not have jurisdiction because Countrywide has failed to meet its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the $5,000,000 jurisdictional amount set forth in § 1332(d) or the $75,000 jurisdictional amount set forth in § 1332(a).

II.   Discussion

Section 1332(d) provides, in pertinent part:

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, . . . .
>
> *          *          *
>
> (6) In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

28 U.S.C. § 1332(d)(2),(6).

"The burden is on the party requesting removal to set forth, in the notice of removal itself, the *underlying facts* supporting [the] assertion that the amount in controversy exceeds [$5,000,000]." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (internal quotations and citation omitted) (emphasis in original).  "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  *Id.* at 873.  The requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice.  The italicized language requires at a minimum that the jurisdictional amount be shown by a preponderance of the evidence."  *Martin v. Franklin Capital*

2

*Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (internal quotations and citation omitted).

In actions seeking injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Further, the amount in controversy may be measured by looking at either the cost to the defendant of complying with the injunction or the value to the plaintiff. *Justice v. Atchison, Topeka and Santa Fe Ry. Co.*, 927 F.2d 503, 505 (10th Cir. 1991).

Having reviewed the parties' submissions, the Class Action Petition, and the Notice of Removal, the Court finds that Countrywide has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. In the Class Action Petition, Plaintiff does not set forth the cost to defendants of complying with the injunctive relief sought. However, in its Notice of Removal, Countrywide states:

> Countrywide presently services in excess of 5000 mortgage loans that it believes, based on its current information, include prepayment penalty addendums that are the same or similar to the one at issue. Plaintiffs seek to enjoin Countrywide from collecting partial prepayment charges on these loans. With an average prepayment charge on these loans of over $4,300, partial prepayments on the loans of the type plaintiff made (and wants in this lawsuit to permit others to make) would easily generate over $1000 in prepayment charges per loan which, if plaintiff were to prevail, Countrywide would not be able to collect. The potential loss to Countrywide exceeds $5,000,000.

Notice of Removal at 3. Additionally, Lynne Hiskett, Countrywide's First Vice President, Payoffs and Demands, states in her affidavit:

> 2. . . . Countrywide holds and/or services at least 5,139 home mortgage loans executed in favor of First Franklin Financial Corp., that contain the same or similar Prepayment Riders and Prepayment Addendums as specifically alleged by the plaintiff in this case. (Franklin Notes).

3

3.  The prepayment fee that would have been charged to the plaintiff if she had paid her loan balance in December 2005 was approximately $3,510.00.  Any given prepayment penalty could be substantially greater assuming only $1,000.00 in average prepayment charges per Franklin Note, the value of Countrywide's right to collect prepayment charges on the Franklin Notes which plaintiff seeks to enjoin, exceeds $5,000,000.00.

\*                   \*                   \*

5.  Countrywide charges a recasting fee on certain loans to modify the original loan documents and prepare a new amortization schedule. Plaintiff alleges the recasting fee Countrywide sought to charge her was $225.00.  That is close to the recasting fee typically charged in other borrower's transactions with Countrywide.

Affidavit of Lynne Hiskett, attached as Exhibit 1 to Countrywide's Notice of Removal.

Based upon the above, the Court finds that Countrywide has shown by a preponderance of the evidence that compliance with the requested injunctive relief would cost Countrywide more than $5,000,000.   Specifically, the Court finds that the value of Countrywide's right to collect prepayment charges on the notes at issue is at least $5,139,000 and that the value of Countrywide's right to collect recasting fees, even assuming such fees are only $200, is $1,027,800.  The Court, therefore, finds the amount in controversy requirement has been satisfied and this action was properly removed to this Court.

III.    Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Plaintiff's Motion to Remand [docket no. 36].

**IT IS SO ORDERED this 4th day of April, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE