**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CARA S. BARNES, f/k/a CARA S. SMITH, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-06-558-M |
| FIRST FRANKLIN FINANCIAL CORP., COUNTRYWIDE HOME LOANS, INC., DAVID SAMBOL, ANDREW GISSINGER, III, and JOHN DOE CORPORATIONS 1-15, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| and | ) | |
| COUNTRYWIDE HOME LOANS, INC., | ) ) | |
| Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| TRAVIS SMITH, WENDY SMITH, ROBERT N. BARNES, | ) ) ) | |
| Third Party Defendants. | ) | |

**ORDER**

Before the Court is defendant First Franklin Financial Corporation's ("Franklin") Motion for Judgment on the Pleadings, filed July 12, 2007. On August 27, 2007, plaintiff Cara Barnes ("Barnes") filed her response, and on September 14, 2007, Franklin filed its reply.

I.  Introduction[1]

On or about March 23, 2004, Barnes entered into a refinance home mortgage loan and promissory note ("Note") with Franklin. The prepayment penalty was included as a separate

---

[1] The facts contained in this Introduction are based on the facts alleged in Barnes' Class Action Petition.

addendum to the Note ("Prepayment Note Addendum").  On or about June 4, 2004, the servicing of Barnes' loan was transferred to defendant Countrywide Home Loans, Inc. ("Countrywide").

On December 29, 2005, Barnes contacted Countrywide and requested the amount remaining on the Note so that she could make a partial prepayment of all but $100.00 of said principal amount. Barnes was advised by the Countrywide representative that she would be charged a standard "recasting fee" in the amount of $250.00 to recalculate the payments for the remaining principal amount of $100.00.  On December 30, 2005, Barnes wired the sum of $110,784.45[2] to the account of Countrywide as a partial prepayment of her loan.  On or about January 4, 2006, Barnes was informed that Countrywide had refused her wire transfer.  On that same date, Countrywide sent a letter to Barnes advising her that the amount wired was less than the outstanding principal and interest balance and, therefore, was not a full repayment of the loan.  On or about January 26, 2006, Countrywide advised Barnes in writing that the President and Chief Executive Officer of Countrywide had reviewed the applicability of the prepayment penalty provision of the Note and determined that the prepayment penalty provision applied in this situation and would not be waived.

On April 13, 2006, Barnes filed the instant action seeking both declaratory and injunctive relief.  Specifically, Barnes requests a declaration of her rights under the provisions of the Note, and particularly under the Prepayment Note Addendum, and an injunction preventing defendants from claiming prepayment penalties and/or recasting fees.  On July 5, 2007, Barnes filed a "Supplemental Claim Against Countrywide and Complaint Against David Sambol and Andrew Gissinger, III, As Additional Party Defendants," alleging additional claims against Countrywide and Countrywide's executives in connection with the assessment of the prepayment penalty and recasting fee.

---

[2]This amount was less than the full amount then due on the principal amount of the loan.

II.     Discussion

Franklin now moves this Court, pursuant to Federal Rule of Civil Procedure 12(c), to enter a judgment on the pleadings dismissing Barnes' claims against it. Specifically, Franklin contends that Barnes has not alleged that Franklin engaged in any wrongful or unlawful conduct and, in fact, has not alleged any claims against it whatsoever.

When reviewing a motion for judgment on the pleadings, a court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006). "Judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* (internal quotations and citation omitted).

Having carefully reviewed Barnes' Class Action Petition, the Court finds that Barnes has not alleged any claims against Franklin. In fact, other than stating that Barnes entered into the Note with Franklin and that Franklin drafted and prepared the documents, Franklin is not referenced in any of the substantive allegations of the Class Action Petition. In her response to Franklin's motion, however, Barnes contends that because she is seeking a declaratory judgment as to her rights under the Note and Prepayment Note Addendum she entered into with Franklin, Franklin is properly a defendant in this case.

The Declaratory Judgment Act provides, in pertinent part:

> In <u>a case of actual controversy</u> within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. . . .

28 U.S.C. § 2201(a) (emphasis added). "It is well established that what makes a declaratory judgment action a proper judicial resolution of a 'case or controversy' rather than an advisory opinion – is [ ] the settling of some dispute which affects the behavior of the defendant toward the plaintiff." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (internal quotations and citations omitted). "The question is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122 (1974) (internal quotations and citations omitted).

Having carefully reviewed Barnes' Class Action Petition, the Court finds that the facts alleged in the petition do not show that there is any actual controversy between Barnes and Franklin warranting the issuance of a declaratory judgment as to these parties. It is Countrywide's, not Franklin's, interpretation of the Prepayment Note Addendum that Barnes disputes and is seeking a declaratory judgment regarding. Thus, any declaratory judgment that this Court would enter with respect to Franklin would be an advisory opinion only. Accordingly, the Court finds the fact that Franklin drafted the Note and Prepayment Note Addendum and entered into the Note and addendum with Barnes is not sufficient to make Franklin a proper defendant in this action.

Barnes also asserts that, pursuant to Federal Rule of Civil Procedure 19, because she and Franklin remain contractually bound, Franklin is a necessary party to this suit.[3] Rule 19(a) provides, in pertinent part:

---

[3] Barnes and Franklin dispute whether Franklin has subsequently properly transferred its ownership or assigned its contractual rights. For purposes of ruling on the instant motion for judgment on the pleadings, the Court will assume that Franklin did not properly transfer its ownership or assign its rights.

4

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . .

Fed. R. Civ. P. 19(a).[4]

Barnes contends that in Franklin's absence, the Court cannot accord complete relief to her. As set forth above, this action arises out of Countrywide's, not Franklin's, interpretation of the Prepayment Note Addendum. The Court, accordingly, finds that it can accord complete relief to Barnes in Franklin's absence. Further, the Court finds the fact that Barnes may have additional claims against Franklin for negligence and/or fraud if the Court finds in favor of Countrywide does not preclude Barnes from obtaining complete relief because upon the Court entering such a judgment, Barnes would then be able to file a lawsuit against Franklin for negligence and/or fraud.

Barnes also contends that Franklin is so situated that its absence from the instant action may impair its ability to protect its interest. Barnes asserts that Franklin has used the same contract forms with other borrowers and if Franklin does not protect its interpretation of the contract documents in this suit, its liability to others could be affected. Having carefully reviewed this matter, the Court is not convinced that, as a practical matter, Franklin's absence from this case would impair its ability

---

[4] Barnes and Franklin do not dispute that Franklin is subject to service of process nor that Franklin's joinder will not deprive the Court of jurisdiction over the subject matter of this action. Additionally, Barnes does not contend that disposition of this case in Franklin's absence would leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

to protect its interest. Franklin would not be precluded from defending any actions brought by third parties who had entered similar contracts with Franklin and, thus, would be able to protect its interests in those suits. The Court, therefore, finds that Franklin is not a necessary party under Rule 19.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court finds that Franklin is not a proper defendant in this action. The Court, therefore, GRANTS Franklin's Motion for Judgment on the Pleadings [docket no. 54] and DISMISSES Franklin from this action.

**IT IS SO ORDERED this 5th day of December, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE