**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CARA S. BARNES, f/k/a CARA S. SMITH, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-06-558-M |
| FIRST FRANKLIN FINANCIAL CORP., COUNTRYWIDE HOME LOANS, INC., DAVID SAMBOL, ANDREW GISSINGER, III, and JOHN DOE CORPORATIONS 1-15, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) | |
| COUNTRYWIDE HOME LOANS, INC., | ) ) | |
| Third Party Plaintiff, | ) | |
| v. | ) ) | |
| TRAVIS SMITH, WENDY SMITH, ROBERT N. BARNES, | ) ) ) | |
| Third Party Defendants. | ) | |

**ORDER**

Before the Court is plaintiff Cara Barnes' ("Barnes") Motion to Certify Case as a Class Action, filed October 31, 2007. On December 6, 2007, defendant Countrywide Home Loans, Inc. ("Countrywide") filed its response, and on December 13, 2007, Barnes filed her reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

On or about March 23, 2004, Barnes entered into a refinancing agreement with defendant First Franklin Financial Corp. ("Franklin"). The agreement included a Prepayment Note Addendum, which provides, in pertinent part:

> Section 4 of the Note, is modified to provide for a prepayment charge upon Borrower's full prepayment. A "full prepayment" is the prepayment of all of the unpaid principal due under the Note. A prepayment of only part of the unpaid principal is known as a "partial prepayment."
>
> Borrower can make a partial prepayment at anytime without paying any charge. Borrower may make a full prepayment at anytime subject to a prepayment charge as follows:
>
> If within the first 3 year(s) after the date Borrower executed the Note, Borrower makes a full prepayment (including prepayments occurring as a result of the acceleration of the maturity of the Note), Borrower must, as a condition precedent to a full prepayment, pay a prepayment charge on any amount prepaid in any 12 month period in excess of 20% of the unpaid balance. The prepayment charge will equal the interest that would accrue during a six-month period on the Excess Principal calculated at the rate of interest in effect under the terms of the Note at the time of the full prepayment.

Prepayment Note Addendum attached as Exhibit 2 to Barnes' Motion to Certify Case as a Class Action. On or about June 4, 2004, the servicing of Barnes' loan was transferred to Countrywide.

On December 29, 2005, Barnes contacted Countrywide and requested the amount remaining on the Note so that she could make a partial prepayment of all but $100.00 of said principal amount. Barnes was advised by the Countrywide representative that she would be charged a standard "recasting fee" in the amount of $250.00 to recalculate the payments for the remaining principal amount of $100.00. On December 30, 2005, Barnes wired the sum of $110,784.45[1] to the account of Countrywide as a partial prepayment of her loan. On or about January 4, 2006, Barnes was informed that Countrywide had refused her wire transfer. On that same date, Countrywide sent a letter to Barnes advising her that the amount wired was less than the outstanding principal and interest balance and, therefore, was not a full repayment of the loan. On or about January 26, 2006,

---

[1]This amount was less than the full amount then due on the principal amount of the loan.

Countrywide advised Barnes in writing that the President and Chief Executive Officer of Countrywide had reviewed the applicability of the prepayment penalty provision of the Note and determined that the prepayment penalty provision applied in this situation and would not be waived.

On April 13, 2006, Barnes filed the instant action, requesting, in part, a declaration of her rights, and the rights of the putative class members, under the provisions of the Prepayment Note Addendum. Barnes now moves this Court to certify her declaratory judgment claim as a class action under Federal Rule of Civil Procedure 23(b)(2).

II.   Discussion

Federal Rule of Civil Procedure 23 provides, in pertinent part:

> **(a) Prerequisites to a Class Action**. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> **(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> \*          \*          \*
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; . . . .

Fed. R. Civ. P. 23(a),(b)(2).

> [Subdivision (b)(2)] is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a

> whole, is appropriate. Declaratory relief "corresponds" to injunctive relief when as a practical matter it affords injunctive relief or serves as a basis for later injunctive relief. The subdivision does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages. Action or inaction is directed to a class within the meaning of this subdivision even if it has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class.

Fed. R. Civ. P. 23 advisory committee's notes.

The Court has carefully reviewed the parties' submissions. Assuming, without deciding, that Barnes has satisfied the prerequisites of Rule 23(a), the Court finds that Barnes' proposed class action is not appropriate under Rule 23(b)(2). Barnes seeks to certify the following class:

> All persons who, within five years prior to the filing of the initial complaint, entered into a home mortgage loan with the Defendants that included a prepayment penalty addendum in the form attached as Exhibit 1. The Class excludes any officers or employees of the Defendants or any persons whom Plaintiff's counsel would be ethically barred from representing pursuant to the applicable Rules of Professional Responsibility.

Barnes' Motion to Certify Case as a Class Action at 24. Barnes' proposed class would consist of approximately 12,000 persons. *See* Second Affidavit of Patrice McPherson at ¶ 3. However, as of December 1, 2007, only three of the 12,000 persons had loans that were still within the period under which a prepayment penalty could be charged. *See id.* at ¶ 5. Further, Countrywide has taken steps to assure that no fee will be charged if any of these three persons make a partial prepayment. *See id.*

Accordingly, because the Prepayment Note Addendum is no longer applicable to any of the loans at issue, the Court finds that Countrywide's interpretation of the Prepayment Note Addendum – the sole issue in Barnes' declaratory judgment claim – no longer has general application to

Barnes' proposed class. Further, the Court finds that the declaratory relief that Barnes seeks does not correspond to injunctive relief. Through her declaratory judgment claim, Barnes seeks, in essence, to stop Countrywide, in relation to the loans of the prospective class members, from continuing to interpret the Prepayment Note Addendum in the way it interpreted the addendum with respect to her loan. Because Countrywide will no longer be interpreting the Prepayment Note Addendum in relation to the loans of the prospective class members, however, the Court finds there is no action by Countrywide that could be enjoined and, thus, the declaratory relief that Barnes seeks does not, as a practical matter, afford injunctive relief nor does it serve as a basis for later injunctive relief. In fact, the declaratory judgment which Barnes seeks could only serve as a basis for later monetary relief by the prospective class members based upon Countrywide's prior actions.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court finds that Barnes' proposed class action is not proper under Rule 23(b)(2). The Court, therefore, DENIES Barnes' Motion to Certify Case as a Class Action [docket no. 83].

**IT IS SO ORDERED this 18th day of December, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE